This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 33,987**

**TRISHA PERALTA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Defendant, Trisha Peralta, appeals her convictions for driving while under the influence of an intoxicating liquor and speeding. We issued a notice of proposed summary disposition proposing to affirm on October 29, 2014. Defendant filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm.

**DISCUSSION**

{2} In her memorandum in opposition, Defendant continues to argue that the district court erred in allowing the result of her BAT card into evidence because the State failed to lay a sufficient foundation for admission. Specifically, Defendant argues that: (1) the district court improperly allowed Deputy Carrasco to refresh his recollection regarding the proper unit of measurement by looking at information contained on the BAT card [MIO 18-24], (2) Deputy Carrasco's testimony as to the acceptable temperature range for the calibration standard reliability and the acceptable error range for the standard's result was "fuzzy" [MIO 19], and (3) the deputy failed to explain a conflict in the evidence relevant to the length of the deprivation period prior to collecting the breath sample. [MIO 14-18]

{3} The district court entered a memorandum opinion in Defendant's on-record appeal, addressing the first two of these issues. In our notice of proposed summary disposition, we proposed to rely on its analysis, and we invited Defendant to explain

2

in her memorandum in opposition why the district court's analysis of these issues was incorrect. [RP 90-96; CN 2] Specifically, the district court rejected Defendant's argument that the deputy could not refresh his recollection as to the unit of grams of alcohol per milliliters of breath on the basis that the rules of evidence are not applicable, and that hearsay is admissible to establish a foundational element. *See State v. Martinez*, 2007-NMSC-025, ¶ 21, 141 N.M. 713, 160 P.3d 894 (stating that, in considering whether a foundational element is met, the trial court is not bound by the rules of evidence may consider hearsay). The district court also determined that the deputy's testimony that he verified the temperature reading and calibration at the time of the test and they were within the proper range was sufficient, and the deputy did not have to have personal knowledge of the acceptable temperatures. [RP 95]

{4}     In her memorandum in opposition, Defendant does not address the district court's analysis of these issues, and nothing in her memorandum in opposition persuades us that the district court incorrectly decided these issues. We therefore adopt those portions of the district court's opinion addressing these issues and reject these assertions of error.

{5}     We also reject Defendant's argument that the evidence was insufficient to establish compliance with the requisite deprivation period. As Defendant notes in her memorandum in opposition, Deputy Carrasco testified that he complied with the

3

required twenty-minute deprivation period and that he verified the time by using his stopwatch. [MIO 10] Defendant again points to evidence that the traffic stop occurred at around 12:55a.m., and the first breath sample was taken at 1:11 a.m., to argue that the State failed to establish compliance with the deprivation period. [MIO 14-18] However, any conflicts in the evidence were for the trial court to resolve. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318 ("It was for the [trial] court as fact finder to resolve any conflict in the testimony of the witness and to determine where the weight and credibility lay."). On appeal, we will not reweigh the evidence or substitute our judgment for that of the fact finder. *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. As Defendant acknowledges, Deputy Carrasco testified that 12:55 a.m. was an approximate time given by another officer and that the stop occurred between 12:30 and 1:00. [MIO 16-17] Under these circumstances, we believe that the State presented sufficient evidence of compliance with the requisite deprivation period. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15 (stating that the question is whether the district court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion").

{6}     Because we reject Defendant's arguments that the State failed to lay an adequate foundation for admission of the BAT result, we also reject her argument that

4

error in the admission of the BAT result requires reversal of her conviction for DWI on an "impaired to the slightest degree" theory.

{7}     Defendant also continues to argue that evidence was insufficient to convict her of speeding. [MIO 27] In our notice of proposed summary disposition, we noted that the district court addressed this same issue in its memorandum opinion, and we proposed to adopt its recitation of the facts and relevant testimony on this issue and to agree with its conclusion that the officer's testimony was sufficient to establish speeding. [RP 96; CN 4] Defendant's memorandum in opposition does not persuade us that the district court's analysis of this issue was incorrect, and we therefore reject her challenge to the sufficiency of the evidence.

{8}     For these reasons, we affirm the district court's judgment on on-record metropolitan court appeal.

{9}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**M. MONICA ZAMORA, Judge**

5